**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Buckeye Cablevision, Inc., | : | Case No. 3:03 CV 7704 |
| Plaintiff, | : | |
| vs. | : | |
| Tysha Kynard, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this unauthorized interception of cable system case filed pursuant to 47 U. S. C. §§ 553(a)(1)[1], 605(a)[2] and OHIO REV. CODE § 2307.62[3]. Pending is Plaintiff's unopposed Motion for Summary Judgment (Docket No. 19). For the reasons that follow, Plaintiff's Motion for Summary Judgment is denied.

---

[1] No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] No person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception.

[3] The owner and operator of cable television or communication systems may commence a civil action against persons who deprive the owner or operator of gross profits.

**FACTUAL BACKGROUND**

Plaintiff is a satellite franchisee with its principal place of business in Lucas County, Ohio (Docket No. 1, ¶s 1 & 7). Defendant, a Lucas County, Ohio, resident, is a cable programing subscriber (Docket No. 1, ¶ 4).

As a franchisee, Plaintiff is authorized to use a signal from orbiting satellites and over-the-air radio communication to transmit cable television programming to Lucas County, Ohio residents (Docket No. 1, ¶s 7, 11). Plaintiff contends that Defendant purchased one or more cable television descrambling and decoding devices that enabled her to circumvent the security functions of Plaintiff's private telecommunications signals and then view Plaintiff's programming without payment (Docket No. 1, ¶s 6, 20, 22, 25). Plaintiff further contends that Defendant's unauthorized interception and reception of such signals resulted in projected losses exceeding $100,000 and violated the Federal Communication Act of 1934 as amended[4] and OHIO REV. CODE § 2307.62 (Docket No. 1, ¶s 5 & 25).

Plaintiff filed this case in federal court seeking a finding that Defendant intercepted and received Plaintiff's programming without payment; consequently, she is liable to Plaintiff for statutory, compensatory and exemplary damages, litigation costs and attorney fees. Pending is Plaintiff's unopposed Motion for

---

[4] The Federal Communication Act of 1934 was amended and supplemented by the Communications Act of 1984 to address the theft of cable. H. R. REP. NO. 98-934, at 83 (1984), reprinted in 1984 U.S.C.C.A.N. 4655, 4720. These provisions were intended to address "the growing practice of individuals taking down satellite delivered programming for private, home viewing by means of privately owned backyard earth stations." See 1984 U.S.C.C.A.N. at 4745. "*[n]o* person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication *** and use such communication for his or her own benefit or for the benefit of another not entitled thereto." COMMUNICATIONS ACT OF 1934, § 705(a), as amended, 47 U. S. C. § 605(a) (2005); *National Satellite Sports, Inc. v. Eliadis,* 253 F.3d 900, 911 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 1127 (2002).

Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)). The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S. Ct. 2548, 2552-2553 (1986). In the face of the movant's properly supported motion for summary judgment, the opponent cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Incorporated*, 106 S. Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Company*, 88 S. Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support a plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff. *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Company v. Zenith Radio Corporation*, 106 S. Ct. 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 S. Ct. at 2513 (*citing Addickes v. S.H. Kress & Company*, 90 S. Ct. 1598, 1609-1610 (1970)). The Court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id*. If, after deciding, the dispute about a

material fact is genuine, summary judgment should be denied.

## DISCUSSION

On or about August 9, 2004, Plaintiff served, by regular mail, discovery requests to Defendant, including Requests for Admissions. Initially, Defendant failed to timely answer or object to the requests. Accordingly, Plaintiff deemed the matters within the Request for Admissions admitted and conclusively established. Plaintiff then filed a Motion for Summary Judgment in which the result was predicated on the Defendant's failure to respond and/or object to the Requests for Admissions as required under FED. R. CIV. P. 36.

Pursuant to FED. R. CIV. P. 36(a), a party may serve a written request for admissions in the pending action only to determine the truth of the matters subject to discovery under FED. R. CIV. P. 26(b)(1). The matters are admitted unless within 30 days after service of the request, the party to whom the request is directed serves, in good faith, a detailed answer or objection as to why the party can admit or deny it.

Pending disposition of Plaintiff's Motion for Summary Judgment, Defendant was granted leave to file her answers to the requests for admissions by November 10, 2004 (Docket No. 23). Plaintiff filed her responses to the requests for admissions prior to the expiration of the extension of time awarded by the Court (Docket No. 21, Exhibit 1). Thus, the Magistrate need not address the merits of Rule 36 as it is in applicable to these pending matters.

Defendant's responses to the Request for Admissions only establish that she was a subscriber to the Plaintiff's cable television services. Defendant denies that she: (1) installed a cable converter box not supplied by Plaintiff, (2) intended to receive or accessed premium cable services, pay-per-view or other propriety signals without payment to Plaintiff, (3) accrued monthly services approximating $75,000 monthly,

or (4) installed a converter box/device at or near her premises or that she still possesses the device. Such responses neither establish conclusively the matters before the Court nor resolve the discrepancies in the evidence with respect to Defendant's liability.

Plaintiff failed to present other probative evidence tending to show that no genuine issue of material fact exists or that Plaintiff is entitled to judgment as a matter of law. Specifically, there is insufficient evidence from which a jury could reasonably conclude that Defendant is liable for the interception and receipt of Plaintiff's programming without payment. Accordingly, Plaintiff's Motion for Summary Judgment is denied.

In light of the foregoing ruling, the court establishes a discovery cut-off of **June 30, 2005,** and a motion filing deadline of **July 29, 2005,** with opposition due on **August 19, 2005,** and any reply due on **September 2, 2005.** A further telephone status conference is scheduled for **Tuesday, July 5, 2005, at 2:00 p.m.** To participate in the conference, counsel are asked to call 1-800-516-9896 and when prompted to dial 483-783#.

So ordered.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge